648

Nora A. Manwiller by Laura M. Wagner and Mabel M. Biehl, her guardians, Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 7, 1980, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Frederick G. McGavin,* for petitioners.

*Howard Ulan,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., April 23, 1980:

The Department of Public Welfare (Department), pursuant to Section 501 of the Mental Health and Mental Retardation Act,[1] assessed Nora A. Manwiller with costs for medical care and services rendered to her while a patient at Wernersville State Hospital.

---

[1] Section 501 of the Mental Health and Mental Retardation Act of 1966, Act of October 20, 1966, Spec. Sess., P.L. 96, *as amended,* 50 P.S. §4501.

These costs were calculated on a per diem basis with total institutional costs being divided by total inpatient days.[2] Nora A. Manwiller appeals, contending that the calculation of charges on a per diem basis is impermissible under the statute and current Department regulations.

In *Department of Public Welfare v. Wieand*, 26 Pa. Commonwealth Ct. 179, 185, 362 A.2d 1108, 1111 (1976), the assessment of liability for medical services on a per diem basis was upheld.

[P]ursuant to Section 501 of the Act, [50 P.S. §4501] a per diem charge may properly be used to determine the liability of persons subjected thereby to recovery of the public funds expended by public hospitals on their behalf.

Manwiller argues, however, that 55 Pa. Code §5401.1,[3] requires that charges for her care and maintenance must be assessed only in accordance with a *detailed* statement of the particular services rendered, *i.e.*, itemized billing.

Review of this section discloses no such requirement. To the contrary, Section 5401.1 merely "encourages" facilities and agencies "to develop schedules of charges in terms of units of services that will reflect as accurately as possible the actual cost of providing each service."

In the area of social welfare, the problems of government are practical ones which may justify or even require rough accommodations. *Dandridge v. Williams*, 397 U.S. 471 (1970). Therefore, in the absence of specific regulations requiring itemized or detailed

---

[2] *See* this Court's opinion in *Department of Public Welfare v. Wieand*, 26 Pa. Commonwealth Ct. 179, 362 A.2d 1108 (1976), for a more detailed description of the method of cost allocation utilized in the assessment of liability.

[3] Currently appears in 6 Pa. B. 2396 (1976).

billing for services rendered, the calculation of medical costs under Section 501 of the Act on a per diem basis is proper.

Accordingly, we

ORDER

AND Now, this 23rd day of April, 1980, the order of the Department of Public Welfare assessing costs for medical services rendered since September 1, 1977 to Nora A. Manwiller on a per diem basis is affirmed.

President Judge BOWMAN did not participate in the decision in this case.